Kolchin v Bay Ridge Nissan, Inc. (2021 NY Slip Op 50723(U))

[*1]

Kolchin v Bay Ridge Nissan, Inc.

2021 NY Slip Op 50723(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1187 K C

Vladimir Kolchin, Appellant, 
against
Bay Ridge Nissan, Inc., Respondent. 

Vladimir Kolchin, appellant pro se.
Bay Ridge Nissan, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Rosemarie Montalbano, J.), entered January 31, 2019. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the sum of $2,600 from defendant, a
car dealership, for, among other things, defendant's alleged fraud and breach of contract. Plaintiff
alleged that, in leasing a car to plaintiff, defendant agreed to make all payments associated with
plaintiff's termination of a prior lease of a car from a third party. Defendant failed to make such
payments, and plaintiff received a bill from the third party charging plaintiff, among other things,
a disposition fee, the rental fee for a month remaining on the previous lease, and a sum for
damage to the vehicle. Plaintiff claimed that defendant was liable for paying the bill. Following a
nonjury trial, the Civil Court dismissed the action, without making any findings of fact.
CPLR 4213 (b) directs that the decision of a trial court must set forth "the facts it deems
essential" (see e.g. RussianHotline.Com,
Inc. v Oceana Holding Corp., 58 Misc 3d 152[A], 2018 NY Slip Op 50115[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Kirschner v Viala, 38 Misc 3d
131[A], 2012 NY Slip Op 52413[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). This
provision applies to decisions rendered after trial in the Small Claims Part of the court
(see CCA 1805 [a]; Oduroh v
Sawadogo, 66 Misc 3d 136[A], 2020 NY Slip Op 50028[U] [App Term, 1st Dept 2020];
Kirschner v Viala, 38 Misc 3d 131[A], 2012 NY Slip Op [*2]52413[U]). Here, since the Civil Court did not make any findings of
fact or state its rationale for dismissing plaintiff's claim, we cannot determine the basis for the
court's determination.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new
trial.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021